UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 04 CR 298 |
| | ) | |
| MICHAEL WEST, | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

Defendant Michael West ("West") has moved for a reduction of sentence pursuant to U.S.C. § 3582(c) citing an amendment to the Sentencing Guidelines which lowered the base offense levels applicable to narcotics offenses. West's case was before a now retired judge who imposed a sentence pursuant to a plea agreement entered into by the parties, and accepted by the sentencing judge pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Under his plea, West stipulated to a particular Guideline Range.

Amendment 782, relied on by West, is not applicable to the crimes of conviction, namely: (i) conspiracy to provide an inmate of a prison a prohibited object, heroin, in violation of 18 U.S.C. §§ 371 and 1791(a)(1) (Count One); and (ii) unlawful possession of heroin by an inmate in violation of 18 U.S.C. § 1791(a)(1) (Count Five). The plea agreement expressly provided that the parties agreed, in substance, that the sentence imposed by the Court shall include a term of

1

imprisonment of not less than 120 months and not greater than 162 months in the custody of the Bureau of Prisons. The Government was precluded from seeking a sentence greater than 162 months and the Defendant was precluded from seeking a sentence less than 120 months. The Court sentenced the defendant to a term of 130 months incarceration, a period within the agreed range of the parties. As the Court's sentence did not violate the lower and upper limits set by the parties, it was binding on them and not subject to later revision.

West's motion for a reduction of sentence is denied.

/s/ Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated: 2/4/2015